FILED
U.S. DISTRICT COURT

2005 APR 29  P 3: 49

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br><br><br><br>vs.<br><br><br><br>MARK CREW,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR DISTRICT COURT REVIEW OF ORDER OF DETENTION PURSUANT TO 18 U.S.C. § 1345<br><br><br><br><br>Case No. 2:04-CR-154 TS |

This matter came before the Court on April 28, 2005, for hearing on Defendant's Motion for District Court Review of Order of Detention Pursuant to 18 U.S.C. § 1345, filed March 11, 2005. The Court, having reviewed the pleadings and the file, having heard argument of counsel at the hearing, and being otherwise fully informed, will DENY Defendant's Motion, as explained at the close of the hearing, and as is set forth below.

## BACKGROUND

Defendant is charged with Manufacturing Methamphetamine, Aiding and Abetting, and Possession of a List II Chemical (Iodine) with Intent to Manufacture Methamphetamine. Defendant

1

originally appeared before Chief Magistrate Judge Alba for a detention hearing on April 19, 2004, and was ordered detained pending trial. Judge Alba's Order of Detention Pending Trial found that Defendant posed a serious risk of flight, citing the fact that Defendant was appearing before the Court on a writ of habeas corpus ad prosequendum from state custody. Defendant subsequently filed a Motion to Suppress and a Motion to Dismiss, which were litigated throughout the duration of 2004.

Thereafter, on February 7, 2005, Defendant filed a Motion for Review of Detention with Judge Alba, citing the newly developed fact that Defendant had completed his state sentence, which reason had undergirded the previous grounds for detention. Judge Alba held a hearing on that Motion on March 3, 2005, and continued the matter, ordering a pretrial services report.[1] On March 7, 2005, Judge Alba again considered the matter, and denied Defendant's Motion. That same day, Judge Alba issued a second Order of Detention Pending Trial, this time finding that Defendant posed 1) a serious risk of flight; and 2) a serious risk of danger to the community. Judge Alba's detention order cited Defendant's criminal history as justification for continued detention.

On March 11, 2005, Defendant filed the instant Motion for District Court Review of Order of Detention Pursuant to 18 U.S.C. § 1345, arguing that there are conditions that will sufficiently guarantee the safety of the community or avoid any risk of flight. As grounds, Defendant represents that he is "capable of gainful employment as a plumber, has a verified residence with his family and has demonstrated good conduct with regard to substance abuse treatment . . ." Defendant has also provided the Court with a letter from a person who appears to be Defendant's drug abuse counselor.

---

[1] The Detention Report prepared for the Court by the pretrial services office for purposes of the April 28, 2005, hearing found that no factors had changed since Defendant's last review of detention – a fact noted by the government at the hearing.

The letter recounts Defendant's successful completion of that program and his continued assistance to other inmates in their recovery.

## DISCUSSION

DUCrimR 57-16(a)(1) provides that "[a]ny party is entitled to appeal a magistrate judge's order releasing or detaining a defendant under 18 U.S.C. §§ 3142 et. seq. The appeal will be a timely scheduled de novo review by the assigned district judge."

The Court notes that, as a general rule, the presumption lies in favor of release of a defendant, unless certain other factors are present that make release of the defendant unsafe or impractical. However, in certain cases, the presumption shifts. Section 3142(e) dictates that, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . ." The Court finds that the offenses charged in this case trigger this shifting of presumption with regards to release of Defendant. Therefore, the Court finds that there is a presumption in favor of detention of Defendant, subject to his rebuttal.

Further, subsection (g) to § 3142 sets forth factors the Court is to consider "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community . . ." Those factors include the nature and circumstances of the charged offense, the weight of the evidence, the history and characteristics

of the person, and the nature and seriousness of the danger posed by the person to the community upon release.

Based upon the testimony and evidence received at the hearing, upon the pleadings in the file, and having reviewed the magistrate judge's detention order *de novo*, the Court finds that Defendant poses both a significant risk of flight and a significant risk of danger to the community. Defendant presents a flight risk based upon: his prior criminal history; the fact that, on several occasions, Defendant has been a fugitive from justice, has failed to comply with court orders or has failed to appear; his history of non-compliance; and his history of substance abuse. Defendant likewise poses a threat of danger to the community by virtue of his criminal history, his history of non-compliance, his history of substance abuse, and the serious nature of the offenses at issue in this case.

## CONCLUSION

Therefore, Defendant's Motion for District Court Review of Order of Detention Pursuant to 18 U.S.C. § 1345 is DENIED. The Order of Detention Pending Trial entered by the magistrate is AFFIRMED, and Defendant shall remain detained pending trial.

SO ORDERED.

DATED this 29th day of April, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge